UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 648,<br><br>Petitioner,<br><br>v.<br><br>WALGREEN CO.,<br><br>Respondent. | Case No. 24-mc-80298-HSG<br><br>**ORDER GRANTING PETITION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 1 |

Petitioner United Food and Commercial Workers Union, Local 648 ("UFCW") petitions the Court to compel arbitration with Respondent Walgreen Co. regarding a grievance filed on behalf of Paz Esparanza Cosme Lapuz. The Court **GRANTS** UFCW's petition.

## I. BACKGROUND

UFCW and Walgreen negotiated a new collective bargaining agreement ("CBA") which was signed on March 21 and 22, 2024. Dkt. No. 1-1 at 42. The CBA included a grievance procedure that covered "[A]ll complaints and disputes arising between the parties involving the interpretation or the application of the provisions of this Agreement." Dkt No. 1-1 at 36. If the employee cannot resolve the problem with their store manager or the Board of Adjustment, the dispute is submitted to an arbiter who has "final and binding" authority on the parties. *Id*.

Lapuz was terminated from her employment with Walgreen and UFCW brought a grievance on her behalf challenging the termination. Dkt No. 1-2. On April 4, 2024, Walgreen, UCFW and Lapuz reached a settlement agreement. It stated:
> IT IS HEREBY AGREED BY Walgreen Co., UFCW Local 648 ("Union") and Paz Esperanza Cosme Lapuz ("Grievant") and his [sic] grievance shall be resolved as follows:
> …
> 2. The Grievant shall be reinstated.
> 3. The company agrees that the Grievant will be returned to work at Store# 1327 located at 498 Castro St on April 10, 2024.

> 4. The company agrees that the Grievant will return without loss of seniority at her previous rate of pay.
> …
> 11. This Agreement constitutes the entire agreement among the Parties. It supersedes all prior and/or written agreements, commitments, or understandings…

Dkt No. 1-2.

On June 3, 2024, UFCW filed a grievance alleging that Lapuz did not receive the raise and backpay that she was entitled to under the newly negotiated CBA. Dkt. No. 1-2 at 5. UFCW asked to arbitrate the dispute because it arose under the CBA and was not resolved. Dkt. No. 1-2 at 1. Walgreen refused, arguing that the Settlement Agreement governed the dispute and did not require arbitration. *Id.* at 2.

UFCW now brings this suit under Section 301 of the Labor-Management Relations Act for violations of its contract with Walgreen, as an employer, 28 U.S.C. § 185, seeking to compel arbitration under Section 4 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 4.

## II.   LEGAL STANDARDS

This Court may issue an order directing the parties to arbitrate under Section 4 of the FAA, if the terms of a valid agreement, including a CBA, so require.[1] *See* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition the district court "for an order directing that such arbitration proceed in the manner provided for in such agreement."). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). In such circumstances, "it is 'the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate grievances concerning' a particular matter." *Granite Rock Co. v. Int'l Bhd. Of Teamsters,* 561 U.S. 287, 301 (2010) (quoting *AT&T*, 475 U.S. at 649). When a CBA contains an arbitration clause, "there is a presumption of arbitrability," with any doubts

---

[1] "Federal courts have often looked to the FAA for guidance in labor arbitration cases, especially in the wake of the holding that § 301 . . . empowers the federal courts to fashion rules of federal common law . . . ." *Int'l Alliance of Theatrical State Employee and Moving Picture Technicians, Artists, and Allied Crafts of the United States, It's Trusted Local 720 v. InSync Show Prods.*, 901 F.3d 1033, 1039 (9th Cir. 2015) (citing *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 41 n. 9 (1987)).

2

resolved in favor of arbitration.  *AT&T*, 475 U.S. at 650; *see also Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (noting federal policy favoring arbitration).

Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. On a motion to compel arbitration, the Court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

In making this determination, "courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). "Courts may consider evidence outside of the pleadings, such as declarations and other documents filed with the court." *Pappas v. AMN Healthcare Servs.*, 762 F.Supp.3d 862, 869 (N.D. Cal. 2025). Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Courts must resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. Of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989).

### III. DISCUSSION

#### A. The Court Will Not Consider Respondent's Unsupported Factual Contentions

Local Rule 7-5(a) requires that "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." In reply, UFCW argues that Walgreen's opposition brief is "riddled with factual contentions unsupported" by any affidavit, declaration or references to the record.

Walgreen appended the declaration of Suzanne Schuster, Senior Counsel for Walgreen Co. She authenticated a copy of the Settlement Agreement and declared that Lapuz was returned to work at Store# 1327 on April 10, 2024. Dkt. No. 21-1. But Walgreen's opposition contains many more factual allegations without reference to any record material, including:

3

- The date of Lapuz's termination, Dkt No. 21 at 2;
- The reason for Lapuz's termination, *id.*;
- The length of discussions between Walgreen and UFCW regarding Lapuz's original grievance, *id.*;
- The ongoing nature of UFCW-Walgreen CBA negotiations during Lapuz's termination period, *id.* at 3;
- The date of the parties' tentative agreement on the new CBA, *id.* at 3;
- The date of UFCW's ratification of the new CBA, *id.*;
- The term of the CBA granting employees a pay increase, *id.*;
- The reason Walgreen's counsel included specific language regarding the "previous rate of pay" in the Settlement Agreement, *id.*;
- That returning Lapuz to her position was "consideration" to "induce" Walgreen to return her to the position, *id.* at 4;
- That seniority level might influence future promotions or benefits determinations or other consideration, *id.* at 5;
- That seniority level and "rate of pay" are different concepts and not directly linked within Walgreen, *id.*; and
- That arbitration is not "not among the Union's available remedies under the Settlement Agreement." *Id.*

Because Respondent failed to comply with the local rule, the Court will not consider any of these unsupported contentions when ruling on the petition. *GTE Mobilnet of Cal L.P. v. City of Berkeley*, No. 20-cv-05460-DMR, 2021 WL 4442650, *3 n.1 (N.D. Cal. Sept. 28, 2021).

**B.   UFCW's Petition to Compel Arbitration is Granted**

In addressing the petition, the Court must determine whether there is a valid agreement to arbitrate and whether the instant dispute arises under that agreement. *See Chiron Corp.*, 207 F.3d at 1130. There are two valid agreements at issue in this case: one that unambiguously requires arbitration and another that is silent with regard to arbitration. There is no dispute that the former, the Collective Bargaining Agreement, is a valid agreement. The only question is what agreement

4

the instant dispute arises under.

In addressing the arbitrability of "side agreements" to CBAs, such as settlement agreements, the Ninth Circuit has held that whether the dispute is arbitrable depends on the scope of the arbitration clause in the CBA. *Inlandboatmens Union of Pacific v. Dutra Grp.*, 279 F.3d 1075, 1080 (9th Cir. 2002) ("We hold that disputes arising under a side agreement must be arbitrated if the dispute relates to a subject that is within the scope of the CBA's arbitration clause."), *overruled in part on other grounds by Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014).[2]

The CBA's grievance procedure here is broad. "All complaints and disputes arising between the parties involving the interpretation or the application of the provisions of this Agreement are grievances within the meaning of this Article 17." Dkt. No. 1-1 at 36 (Art. 17., § 1). Here, Petitioner alleges that Lapuz "failed to receive the raise and backpay to which she is entitled under the CBA." Dkt. No. 1 at ¶ 7. This is thus a straightforward dispute "involving the interpretation or the application of" the CBA.[3]

In arguing otherwise, Walgreen contends that since the Settlement Agreement addresses Lapuz's "previous rate of pay," it is a dispute arising out of the Settlement Agreement rather than the CBA. Walgreen asserts that the Settlement Agreement "superseded all prior agreements (including the CBA)." Dkt No. 21 at 4. That claim is unconvincing. While the agreement contains superseding language, reading the contract as a whole, the term appears only to apply to an agreement involving the *grievance*, not the CBA. Dkt No. 1-2 at 8 ("his [sic] [original] grievance shall be resolved as follows"). And regardless, nothing in either the Settlement Agreement or the CBA can reasonably be read to suggest that Lapuz is no longer covered under the CBA at all because it has been "superseded" as to her by virtue of the settlement. Instead, this case fits squarely within *Inlandboatmens*' holding that "[t]he general arbitration clause will apply

---

[2] UFCW cited this directly-controlling precedent in its memorandum, Dkt. No. 2 at 8. Tellingly, Walgreen did not address—or even acknowledge—*Inlandboatmens Union* in its opposition. Dkt. No. 21.

[3] As UCFW points out, the rate of pay is determined by interpreting the CBA. Dkt No. 22 at 2-3. The Court has no factual basis for substantively determining whether the "rate of pay" referenced in the Settlement Agreement is a set rate per hour or a rate set by the CBA. But at most, this raises a potential ambiguity, and the Court must interpret any such ambiguities to favor arbitration. *AT&T*, 475 U.S. at 650; *Volt*, 489 U.S. at 476.

to a dispute over a side agreement to the same extent that it would govern any other disagreement between the parties." 279 F.3d at 1081.[4]

### IV. CONCLUSION

Because this dispute "involve[es] the interpretation or the application of the provisions of" the CBA, the Court **GRANTS** the petition to compel arbitration.  The Petitioner is **DIRECTED** to show cause within one week of the date of this order why this case should not be closed accordingly.[5]

**IT IS SO ORDERED.**

Dated:   November 6, 2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Under *Inlandboatmens*, "[i]t is possible, of course, for parties to a CBA to exclude disputes arising under a side agreement from the arbitration clause of the CBA not only by a clear statement to that effect in the arbitration clause itself, but by including a specific provision in the side agreement." 207 F.3d at 1080 and n.6. (citation omitted).  But as in *Inlandboatmens*, neither the CBA nor the Settlement Agreement here contains any such exclusion, and nothing in the general "entire agreement" clause on which Walgreen relies amounts to the sort of express carveout contemplated by the Ninth Circuit.

[5] The Court **DENIES** Petitioner's request for attorney's fees and costs. Dkt. No. 2 at 9-10.  An award of fees is appropriate where an employer asserts frivolous arguments in refusing to submit a dispute to arbitration. *Distillery, Wine, Allied Workers' Division, Local No. 186D v. C. Mondavi & Sons, Inc.*, No. C-02-5407-MJJ, 2003 WL 21767474 (N.D. Cal. July 24, 2003), at *1 (citing *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1383 (9th Cir. 1984)).  While it clearly would have been better for Walgreen to engage with the controlling principles in *Inlandboatmens*, the Court cannot say that its position was so wholly frivolous as to warrant the imposition of fees and costs, and so declines in its discretion to award them.  *See Alpha Beta*, 736 F.2d at 1383.